IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAIME JOHNSON,

                     Plaintiff,                          OPINION AND ORDER

     v.

                                                    24-cv-897-wmc

LISA MIRAMONTES, and
ONEIDA COUNTY SHERIFF'S DEPT.,

                     Defendants.

---

Plaintiff Jaime Johnson, who is representing herself, has filed a complaint claiming that she was injured while in custody of the Oneida County Sheriff's Department. (Dkt. #1.) More specifically, she claims that Corrections Officer Lisa Miramontes was "negligent" during transport because she failed to keep a firm grip on Johnson's arm while transporting her around the jail. Instead of holding onto her arm, as required by jail policy, Miramontes held the restraint belt attached to Johnson's waist. Miramontes told Johnson that is how she always transports inmates. Unfortunately, on one occasion when transporting Johnson, Johnson tripped and fell, and Miramontes' hold on Johnson's waist belt caused Johnson to fall headfirst onto the floor, splitting her forehead open and requiring stitches. Johnson alleges that if Miramontes had "practiced a little more care," her injury would have been prevented.

Because Johnson is proceeding without prepayment of the filing fee, the court must screen her complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening, the court must accept Johnson's allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742,

751 (7th Cir. 2011).  However, plaintiff must still allege enough facts to show that she is plausibly entitled to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Here, Johnson states in her complaint that she is proceeding under federal law.  Thus, the court assumes she is seeking to proceed on a constitutional claim against Miramontes under 42 U.S.C. § 1983, the statute that permits individuals to sue for violation of their constitutional rights.  Because it appears that Johnson was a pretrial detainee during the relevant time, plaintiff's rights were protected by the Fourteenth Amendment of the United States Constitution.  Jail staff may violate the Fourteenth Amendment if they: (1) engage in intentional conduct or make an intentional decision about the conditions of an inmate's confinement; and (2) the jail official's conduct or decision was objectively unreasonable under the circumstances. *See Est. of Sillah by Carter v. City of Madison*, No. 23-cv-96-jdp, 2024 WL 4650945, at *9 (W.D. Wis. Nov. 1, 2024).

Here, plaintiff's allegations satisfy the first element of a Fourteenth Amendment claim, as she alleges that defendant intentionally decided to transport her and other inmates by holding onto the restraint belt, rather than plaintiff's arm.  However, plaintiff's allegations do not suggest that the decision was "objectively unreasonable" under the circumstances, as required by the second element.  Plaintiff alleges only that she was hurt when she fell and Miramontes was unable to catch her because she was not holding onto her arm.  Absent additional facts, failing to hold onto plaintiff's arm in violation of jail transport policy is, at most, and as plaintiff appears to concede, "negligence." But negligence is not sufficient to state a claim under the constitution.  *McGee v. Adams*, 721 F.3d 474, 481 (7th Cir. 2013) ("Even

2

gross negligence is insufficient to impose constitutional liability ….") (citation omitted).[1]  Nor is violation of jail policy necessarily a violation of the Constitution. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."); *Lewis v. Richards*, 107 F.3d 549, 554 n.5 (7th Cir. 1997) ("[I]gnoring internal prison procedures does not mean that a constitutional violation has occurred.")

In sum, plaintiff's complaint does not state a claim for which relief can be granted. However, the Seventh Circuit has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint.  *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016).  So plaintiff may file an amended complaint if she believes she can state a constitutional claim based on (and consistent with) the events described in this complaint. If plaintiff files an amended complaint, the court will screen the allegations to determine whether they state a claim for relief.  If she does not submit an amended complaint by the date below, this case will be dismissed for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Jaime Johnson is DENIED leave to proceed and her complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Plaintiff has until **April 27, 2026**, to file an amended complaint that states a federal claim for relief as discussed in this order.  Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this

---

[1] Negligence claims arise under state law, so this federal court would not have jurisdiction over a negligence claim brought by plaintiff against defendant unless she and defendant were citizens of different states.  28 U.S.C. § 1332.  Because plaintiff alleges that both she and defendant live in Wisconsin, she may not pursue a negligence claim in this court.  Plaintiff may be able to proceed with a negligence claim in a state court.

action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 31st day of March, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge